IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TIAWAN BRITTON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| | )   CIVIL ACTION |
| v. | ) |
| | )   FILE No. _____ |
| JUPITER DEVELOPMENT INC., | ) |
| | ) |
|     Defendant. | ) |

## COMPLAINT

COMES NOW, TIAWAN BRITTON, by and through the undersigned counsel, and files this, his Complaint against Defendant JUPITER DEVELOPMENT INC. pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA.

2. Venue is proper in the federal District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3. Plaintiff TIAWAN BRITTON (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in Atlanta, Georgia (Fulton County).

4. Plaintiff suffers from Spinal Muscular Atrophy ("SMA") and is disabled as defined by the ADA.

5. Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and pinching.

6. Plaintiff cannot walk and uses a wheelchair for mobility purposes.

7. Defendant JUPITER DEVELOPMENT INC. (hereinafter "Defendant") is a Georgia corporation that transacts business in the state of Georgia and within this judicial district.

8. Defendant may be properly served with process via its registered agent for service, to wit: Amin Panjwani, 615 Croydon Avenue, Alpharetta, Georgia, 30022.

## FACTUAL ALLEGATIONS

9. On or about February 10, 2021, Plaintiff was a customer at "Chevron Food Mart," a business located at 5631 W. Fayetteville Road, College Park, Georgia 30349.

10. Defendant is the owner (or co-owner) of the real property and improvements that are the subject of this action. (The two separate contiguous structures and improvements situated upon said real property shall be referenced herein as the "South Facility" and "North Facility" (together, the "Facilities"), and said parcel of real property shall be referenced herein as the "Property").

11. Plaintiff lives approximately twelve (12) miles from the Facilities and Property.

12. Plaintiff's access to the business(es) located at 5631 W. Fayetteville Road, College Park, Georgia 30349 (Clayton County Property Appraiser's parcel number 13090C A001), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and he will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Facilities and Property, including those set forth in this Complaint.

13. Plaintiff has visited the Facilities and Property at least once before and intends on revisiting the Facilities and Property once the Facilities and Property are made accessible.

14. Plaintiff intends to revisit the Facilities and Property to purchase goods and/or services.

15. Plaintiff travelled to the Facilities and Property as a customer and as an advocate for the disabled, encountered the barriers to his access of the Facilities and Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Facilities and Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

16. On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq*. (the "ADA").

17. The ADA provided places of public accommodation one and a half years from its enactment to implement its requirements.

18. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 (if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

19. Each Facility is a public accommodation and service establishment.

20. The Property is a public accommodation and service establishment.

21. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

22. Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

23. Liability for violations under Title III or the ADA falls on "any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a).

24. Each Facility must be, but is not, in compliance with the ADA and ADAAG.

25. The Property must be, but is not, in compliance with the ADA and ADAAG.

26. Plaintiff has attempted to, and has to the extent possible, accessed the Facilities and the Property in his capacity as a customer of the Facilities and Property, and as an advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions

and ADA violations that exist at the Facilities and Property that preclude and/or limit his access to the Facilities and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

27. Plaintiff intends to visit the Facilities and Property again in the future as a customer and as an advocate for the disabled in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facilities and Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facilities and Property that preclude and/or limit his access to the Facilities and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

28. Defendant has discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facilities and Property, as prohibited by, and by failing to remove architectural barriers as

required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

29. Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the Facilities and Property, including those specifically set forth herein, and make the Facilities and Property accessible to and usable by Plaintiff and other persons with disabilities.

30. A specific list of unlawful physical barriers, dangerous conditions and ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Facilities and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Facilities and Property include, but are not limited to:

**(a)  EXTERIOR ELEMENTS:**

(i) The Property lacks an accessible route from the public sidewalk to the accessible entrances of the Facilities, in violation of section 206.2.1 of the 2010 ADAAG standards.

(ii) The total number of accessible parking spaces on the Property is inadequate, in violation of section 208.2 of the 2010 ADAAG standards.

(iii) Accessible parking spaces are not properly located or

distributed on the Property, in violation of section 208.3 of the 2010 ADAAG standards. Specifically, the accessible parking space on the Property most proximate to Unit 102 of the North Facility is not located on the shortest accessible route to the accessible entrances of the North Facility, in violation of section 208.3.1 of the 2010 ADAAG standards.

(iv)  The accessible parking space on the Property most proximate to Unit 108 of the South Facility is not adequately marked, in violation of section 502.1 of the 2010 ADAAG standards.

(v)  The access aisle adjacent to the accessible parking space on the Property most proximate to Unit 108 of the South Facility is not level due to the presence of a ramp within the boundaries of said access aisle, in violation of section 502.4 of the 2010 ADAAG standards.

(vi)  The side flares of the above-described ramp most proximate to Unit 108 of the South Facility have slopes in excess of 1:10 (one to ten), in violation of section 406.3 of the 2010 ADAAG standards.

(vii)  Due to a lack of parking stops that encourage vehicles to pull

up far enough to block the accessible route to the entrances of the Facilities, there are publicly accessible areas of the Property having accessible routes with clear widths below the minimum 36" (thirty-six inches) inches required by section 403.5.1 of the 2010 ADAAG standards.

(viii) The Property lacks an accessible route connecting accessible facilities, accessible elements and/or accessible spaces of the Facilities and Property in violation of section 206.2.2 of the 2010 ADAAG standards.

(ix) The accessible parking space on the Property most proximate to Unit 102 of the South Facility and its associated adjacent access aisle are not adequately marked, in violation of section 502.1 and 502.3 of the 2010 ADAAG standards.

(x) The access aisle adjacent to the accessible parking space on the Property most proximate to Unit 102 of the South Facility is not level due to the presence of a ramp within the boundaries of said access aisle, in violation of section 502.4 of the 2010 ADAAG standards.

(xi) The side flares of the above-described ramp most proximate to

      Unit 108 of the South Facility have slopes in excess of 1:10 (one to ten), in violation of section 406.3 of the 2010 ADAAG standards.

(xii) There is an excessive vertical rise at the landing of the accessible ramp on the Property most proximate to Unit 108 of the South Facility, in violation of section 405.7 of the 2010 ADAAG standards.

**(b)  INTERIOR ELEMENTS:**

(i) The "Chevron Food Mart" portion of the South Facility lacks restrooms signage that complies with sections 216.8 and 703 of the 2010 ADAAG standards.

(ii) The door to the restroom in the "Chevron Food Mart" portion of the South Facility does not provide for permissible minimum maneuvering clearance, in violation of section 404.2.4 of the 2010 ADAAG standards.

(iii) The hardware on the restroom door in the "Chevron Food Mart" portion of the South Facility has operable parts that require tight grasping, pinching or twisting of the wrist, in violation of section 309.4 of the 2010 ADAAG standards.

(iv)   The restroom in the "Chevron Food Mart" portion of the South Facility has a cabinet-style sink that provides for inadequate knee and toe clearance thereunder, in violation of sections 305, 306 and 606.2 of the 2010 ADAAG standards.

(v)    The hand operated flush control on the commode in the restroom in the "Chevron Food Mart" portion of the South Facility is not located on the open side of the restroom, in violation of section 604.6 of the 2010 ADAAG standards.

(vi)   The rear grab bar adjacent to the commode in the restroom in the "Chevron Food Mart" portion of the South Facility is too short and does not comply with sections 604.5 and 609.4 of the 2010 ADAAG standards.

(vii)  The soap dispenser in the restroom in the "Chevron Food Mart" portion of the South Facility is located outside the prescribed vertical reach ranges set forth in section 308.2.1 of the 2010 ADAAG standards.

(viii) The "K Wings Cafe" portion of the South Facility lacks restrooms signage that complies with sections 216.8 and 703 of the 2010 ADAAG standards.

(ix) The hardware on the restroom door in the "K Wings Cafe" portion of the South Facility has operable parts that require tight grasping, pinching or twisting of the wrist, in violation of section 309.4 of the 2010 ADAAG standards.

(x) The hand operated flush control on the commode in the restroom in the "K Wings Cafe" portion of the South Facility is not located on the open side of the restroom, in violation of section 604.6 of the 2010 ADAAG standards.

(xi) The sink in the restroom in the "K Wings Cafe" portion of the South Facility has exposed pipes and surfaces that are not insulated or configured to protect against skin contact, in violation of section 606.5 of the 2010 ADAAG standards.

31. Without limitation, the above-described violations of the ADAAG made it more difficult for Plaintiff to find and utilize a disabled accessible parking space on the Property, more difficult and dangerous for Plaintiff to traverse the ramps servicing the Property, and more difficult for Plaintiff to utilize the restroom in the Chevron Food Mart portion of the South Facility.

32. The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the

Facilities and Property.

33. Plaintiff requires an inspection of Facilities and Property in order to determine all of the discriminatory conditions present at the Facilities and Property in violation of the ADA.

34. The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

35. All of the violations alleged herein are readily achievable to modify to bring the Facilities and Property into compliance with the ADA.

36. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facilities and Property is readily achievable because the nature and cost of the modifications are relatively low.

37. Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Facilities and Property is readily achievable because Defendant has the financial resources to make the necessary modifications.

38. In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be

modified to comply with the 1991 ADAAG standards.

39. Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facilities and Property, including those alleged herein.

40. Plaintiff's requested relief serves the public interest.

41. The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendant.

42. Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendant pursuant to 42 U.S.C. §§ 12188 and 12205.

43. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendant to modify the Facilities and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a) That the Court find Defendant in violation of the ADA and ADAAG;

(b) That the Court issue a permanent injunction enjoining Defendant from continuing its discriminatory practices;

(c) That the Court issue an Order requiring Defendant to (i) remove the

physical barriers to access and (ii) alter the subject Facilities and Property to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA;

(d) That the Court award Plaintiff's counsel reasonable attorneys' fees, litigation expenses and costs; and

(e) That the Court grant such further relief as deemed just and equitable in light of the circumstances.

Dated: February 25, 2021.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
The Law Office of Craig J. Ehrlich, LLC
1123 Zonolite Road, N.E., Suite 7-B
Atlanta, Georgia 30306
Tel: (800) 238-3857
Fax: (855) 415-2480
craig@ehrlichlawoffice.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

16

/s/Craig J. Ehrlich
Craig J. Ehrlich